# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | A-09-MC-508-SS |
| | § | |
| MARTIN TARIN FRANCO | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner's "Federal Rule of Civil Procedure 60 Relief from Judge," filed on July 2, 2009 (Clerk's Docket No. 1). The motion was referred to the undersigned for recommendation. This Report and Recommendation is submitted pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Petitioner, Martin Franco, is incarcerated at the Ramsey I Unit of the Texas Department of Criminal Justice-Institutional Division, in Rosharon, Texas. He was charged by indictment with two counts of burglary of a building in the 143rd Judicial District Court of Reeves County, Texas. On August 22,1988, Franco pled guilty, and the trial court sentenced him to two concurrent thirty-five (35) year terms of confinement in TDCJ-ID. Franco was apparently released on parole, and on May 4, 1992, he was convicted of aggravated robbery with a deadly weapon and sentenced to life in prison.

## I. FRANCO'S FILING HISTORY IN THIS COURT

Franco styled the instant motion as "Federal Rule of Civil Procedure 60 Relief from Judge." Franco has a very long history of filing lawsuits in this court. As a result of the multitude of frivolous filings he has made over the last fifteen to twenty years, judges of this court have ordered

that Franco not be permitted to file pleadings without first having a certification from a magistrate judge that the pleading is filed in good faith. It appears that the instant motion is an attempt by Franco to have a pleading so certified, and thus the Court will construe the motion as seeking that relief. In the process of ruling on the instant motion, the undersigned reviewed the Court's files and learned of Franco's extensive history in filing pleadings that raise issues repetitively, make frivolous claims, and disregard instructions or directives of the Court. Given this history, and Franco's unwillingness to comply with the Court's orders, the undersigned rules not only on the pending motion, but also submits a recommendation regarding how the Court and Clerk's Office should treat filings Franco may make in the future.

It is unclear precisely how far back Franco's filing history in this Court goes, but the research the undersigned has done covers the period 1992 to the present, beginning with the filing of an application for habeas corpus relief on November 2, 1992. That case was referred to Magistrate Judge Stephen H. Capelle, and on March 11, 1993, Judge Capelle filed his Report and Recommendation ("R&R"), recommending that the application for writ of habeas corpus be denied. *See Franco v. 33rd Judicial District Court*, No. A-92-CA-617-JRN (March 11, 1993). Franco filed objections to that R&R on March 18, 1993, and on April 20, 1993, Judge Nowlin rejected those objections, adopted the recommendations made by Judge Capelle, and denied Franco's application. *Id,* Order at 2. Furthermore, he ordered that Franco be prohibited and barred from filing any further actions in the Austin Division of the United States District Court for the Western District of Texas unless: (1) Petitioner pays the full filing fees therefor; and, (2) a United States Magistrate Judge certifies the good faith of the petition or complaint. *Id.*

Subsequent to these orders, Franco filed a Motion Compelling Discovery with attachments, all relating to his habeas case. On May 4, 1993, Judge Capelle struck the motion and its attachments,

and ordered the Clerk of the Court to file no further frivolous motions submitted by Franco pertaining to previously-filed cases. *See Franco v. Mock*, No. A-92-CA-574-JN (May 4, 1993). Judge Capelle also warned Franco that submission of further frivolous motions would result in a recommendation that monetary sanctions be imposed against him. *Id*.

Ignoring Judge Nowlin's order of April 20, 1993 (requiring good faith certification), on August 6, 1993, Franco filed another application for habeas corpus relief without first requesting a certification that it was submitted in good faith. *See Franco v. Collins*, No. A-93-CA-316-JN. On November 4, 1993, Judge Capelle submitted an R&R in this case, and recommended that the application be denied. *Id*. (Nov. 4, 1993) at 2. Franco did not object to this recommendation, but instead filed the same application for habeas corpus relief he had previously submitted. Despite Franco's failure to object to the R&R, Judge Nowlin interpreted the re-filed application as an objection to the R&R, and on December 14, 1993, he approved and adopted Judge Capelle's recommendation. He further ordered the Clerk not to accept any more filings from Franco unless Franco first paid a filing fee or a Magistrate Judge certified, in an order, the good faith of the filing. Judge Nowlin also warned Franco that further sanctions would be imposed if Franco continued to attempt to file frivolous suits. *Id*. (Dec. 14, 1993).

Despite Judge Capelle's warning against filing frivolous motions relating to previously-filed cases, and Judge Nowlin's warning against filing frivolous suits without paying the filing fee and requesting a good faith certification, Franco continued to file multiple suits in violation of one or both of these requirements. In addition, Franco disregarded the requirement of the AEDPA that he obtain prior approval from the Fifth Circuit before filing a successive habeas application.[1] Many of

---

[1] In 1996, Congress adopted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provided that before a second or successive application for writ of habeas corpus

Franco's filings were rejected by the Clerk's Office because they failed to comply with Judge Nowlin's and Judge Capelle's directives. *See, e.g.,* Letters from William Putnicki, Deputy Clerk, Western District of Texas, to Martin Franco (dated June 13, 2000, February 12, 2001, February 28, 2001, and March 8, 2001, all contained in the Clek's correspondence file).

In a rare exception to this filing history, in 2001 Franco submitted a new habeas application that pertained to his existing custody (and thus did not require prior Fifth Circuit approval). Ultimately, however, Judge Capelle submitted an R&R recommending the denial of the petition. *See Franco v. Johnson*, No. A-01-CA-238-JN (July 30, 2001). Franco responded to the R&R by filing a "Third Amended Complaint," which Judge Nowlin construed as objections to Judge Capelle's recommendations. Judge Nowlin overruled the objections, and approved and adopted the recommendations on August 15, 2001, and ordered that Franco's habeas claim be dismissed as procedurally barred. *Id*. (August 15, 2001).

Franco then returned to his normal pattern, and on February 6, 2002, he filed another application for writ of habeas corpus, successive to one of his prior applications. *See Franco v. Cockrell*, No. A-02-CV-092-JN. Because he had not obtained prior approval from the Fifth Circuit to file a successive habeas corpus application, Franco's application was transferred to the Fifth Circuit, and on July 25, 2002, the Fifth Circuit denied Franco permission to file the application because he did not comply with the Fifth Circuit notice of June 14, 2002. *See Franco v. Cockrell,* No. 02-50596.

---

is filed in the district court, an applicant must have moved in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3). Thus, in order for Franco to be authorized to file a successive habeas corpus application in this Court, he first had to obtain approval from the Fifth Circuit Court of Appeals.

Notwithstanding these many failures, Franco has continued to file applications for habeas corpus relief that do not comply with the requirements of federal law, or the directives of judges of this Court. For example, on March 25, 2003, Franco filed another application for writ of habeas corpus, which was transferred to the Fifth Circuit because he had not obtained prior approval to file a successive habeas corpus application. *See Franco v. Unknown Case Manager - TDCJ,* No. A-03-CA-186-SS (March 28, 2003). Less than two months later, Franco filed another petition for a writ of habeas corpus, which was also transferred to the Fifth Circuit on May 19, 2003. *Franco v. Cockrell,* No. A-03-CA-280-SS (May 19, 2003). The order transferring the case further directed that because of Franco's past abuses of the judicial system, he was barred from filing any future applications for a writ of habeas corpus challenging his Llano County conviction for aggravated robbery, unless the application was accompanied by written permission from the Fifth Circuit allowing Petitioner to file a successive petition. *Id.*

Franco changed his focus, and, perhaps in an attempt to avoid the requirements imposed by judges of this Court, filed a habeas petition in the Southern District of Texas, Galveston Division. That case was subsequently transferred to this Court on December 11, 2003. On December 23, 2003, Judge Sparks dismissed the application for failure to receive approval from the Fifth Circuit, adding as well that the Court would not accept any *transferred* applications for habeas corpus relief in which Petitioner was challenging his Llano County conviction for aggravated robbery, unless the application was accompanied by written permission from the Fifth Circuit allowing Franco to file a successive petition. *See Franco v. Dretke,* No. A-03-CA-926-SS (Dec. 23, 2003) at 2.

Franco has continued to file multiple applications for habeas corpus relief (as well as other suits raising non-habeas claims) in this Court irrespective of the various orders of judges of this Court, and multiple cases have been dismissed by this Court, or have been rejected for filing by the

5

Clerk as a result of Franco's failure to follow these orders. *See, e.g., Franco v. Jones,* No. A-04-CA-153-SS (March 18, 2004); *Franco v. Dretke,* No. P-04-CV-033 (April 21, 2004); Letter from William Putnicki, Deputy Clerk, Western District of Texas to Martin Franco (May 17, 2005); Letter from William Putnicki to Martin Franco (July 1, 2005); *Franco v. Dretke,* No. A-05-CA-558-SS (July 25, 2005); *Franco v. Dretke,* No. A-05-CA-645-SS (Aug. 22, 2005); *In Re: Martin Franco,* No. A-05-CA-1063-SS, (Dec. 28, 2005); Letter from William Putnicki to Martin Franco (July 13, 2006); Letter from William Putnicki to Martin Franco (July 27, 2006); and Letter from William Putnicki to Martin Franco (November 21, 2006).

## II. DISCUSSION

In the current pleading before the Court, it appears that Franco is requesting that the Court certify the good faith of a filing he has already made. Although it is unclear which petition or complaint this motion refers to (as nothing is attached to the motion), the Court believes that the motion was meant to relate to Franco's application for habeas corpus relief filed in 2008. *See Franco v. Texas Dept. of Criminal Justice,* No. A-08-CV-0874-SS (Dec. 19, 2008).[2] However, Franco makes no argument whatsoever attempting to show that the petition is indeed being brought in good faith or that he has received written permission from the Fifth Circuit allowing him to file a successive petition. Franco's request to file this complaint should be denied, as the underlying

---

[2]In that request, Franco claimed that the case managers at the Texas Department of Criminal Justice do not care to represent Franco with regard to his parole matters. He further alleged that the duration of his confinement is grossly disproportionate to his sentence because he is not being released on parole. Similarly, Franco claimed that he was being deprived of life, liberty, and property, and that his punishment had been changed through the carelessness of the Texas Department of Criminal Justice's regulations. This request was denied by the Court because Franco failed to allege any valid claim for habeas relief and the claims were vague and unsupported by any factual allegations. Furthermore, like previous requests, there was no evidence of permission to file granted by the Fifth Circuit.

6

claim (discussed in the footnote below) has no merit. ACCORDINGLY, Franco's request for a certification of good faith (Clerk's Doc. No. 1 in this case) is DENIED.

## III. RECOMMENDATIONS

IT IS RECOMMENDED that, due to Franco's endless abuses of the judicial system, and particularly his countless abuses of his right to file suits in this Court, and also due to the fact that past limitations on Franco have done little to dissuade him from filing meritless pleadings, Franco be WARNED regarding the filing of future pleadings in this Court. In the words of the Fifth Circuit,

> Like any pastime, recreational litigation has its price; such sanctions . . . are imposed for the very purpose of causing the . . . pro se prisoner litigant, with time on his hands and a disposition to retaliate against the system, to think twice before cluttering our dockets with frivolous or philosophical litigation.

*Gelabert v. Lynaugh*, 894 F.2d 746, 748 (5th Cir. 1990). The undersigned RECOMMENDS that Franco be warned that future baseless or groundless suits or filings will come at a price, specifically an order of monetary sanctions. FURTHER, IT IS RECOMMENDED that any sanctions imposed be accompanied by an order to the TDCJ-CID to take money out of Franco's inmate trust account periodically to satisfy any sanctions order.

FINALLY, IT IS RECOMMENDED that, in order to make it as clear as possible to Franco what is and what is not permitted, the Court summarize for Franco in terms as plain as possible the filing requirements governing Franco in this Court. The RECOMMENDED summary is:

1. Because Franco has already filed a habeas petition challenging his holding conviction, to meet the requirements of the AEDPA, he must *first* have permission from the Fifth Circuit before filing a habeas claim challenging that conviction in this (or any) Court. *See* 28, U.S.C. § 2244(b)(3).

2. As ordered by Judge Nowlin (on two occasions), before Franco may file any suit of any kind in federal court, he must receive permission to file the suit from a federal judge. To

accomplish this, any proposed suit must be accompanied by a request for leave to file the suit. *See Franco v. 33rd Judicial District Court*, No. A-92-CA-617-JRN (Apr. 20, 1993); *Franco v. Collins*, No. A-93-CA-316-JN (Dec. 14, 1993).

3. Except as described in ¶ 4, any suit must also be accompanied by payment of the full filing fee. *See Franco v. 33rd Judicial District Court*, No. A-92-CA-617-JRN (April 20, 1993).

4. Because Franco has on three or more prior occasions brought an action or appeal that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief may be granted, Petitioner cannot proceed *in forma pauperis* in § 1983 civil rights actions unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Thus, absent an imminent danger of serious physical injury, for Franco to file a suit under § 1983, he must pay the full filing fee.

5. Further, any case submitted by Franco to another district court that is thereafter transferred to this district will be governed by the same rules set out, and will subject Franco to the same potential liability for sanctions.

6. Finally, Franco is barred from filing any pleadings related to a previous case or claim that has already been decided. *See Franco v. Mock*, No. A-92-CA-574-JN (May 4, 1993). In other words, when the Court rules on a claim, the ruling is final, and the only thing Franco may file after that time is a notice of appeal.

The undersigned RECOMMENDS that Franco be given ONE FINAL WARNING as suggested above, that failure to abide by these rules will result not only in the dismissal of his filing, but also in significant monetary sanctions as described above.

## IV. WARNINGS

Franco may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of January, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE